UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                      5:05-CR-0182
                                                (GHL)

ANTONIO PAGANO,

            Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HON. GLENN T. SUDDABY<br>United States Attorney<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, New York 13261-7198 | RANSOM P. REYNOLDS, III, ESQ.<br>Assistant United States Attorney |
| HON. ALEX T. BUNIN<br>Federal Public Defender<br>4 Clinton Exchange, Third Floor<br>Syracuse, New York 13260 | LISA A. PEEBLES, ESQ.<br>Assistant Public Defender |

GEORGE H. LOWE, United States Magistrate Judge

## ORDER

Defendant Antonio Pagano has been charged by Information with attempting to intimidate or impede an employee of the Social Security Administration by threat of force, in violation of Title 42, United States Code, Section 1320a-8b. Dkt. No. 6. On May 25, 2005, he moved for certain relief. Dkt. No. 10. The Government responded on June 2, 2005, and also cross-moved for reciprocal discovery pursuant to Rule 16(b)(1) of the Federal Rules of Criminal Procedure. Dkt. No. 11. The Court heard oral argument on June 13, 2005.

## DISCUSSION

The Defendant's requested relief, and my decision with respect to each request, is as

follows:

    1.    An Order precluding the Government from introducing any evidence concerning Defendant's incarceration in 1997.  This issue is moot given the Government's representation that it does not intend to introduce any such evidence.

    2.    An Order precluding the Government from impeaching Defendant by evidence of his 1996 conviction for a violation of Title 18, United States Code, Section 201(c)(1)(A).  I grant this request, and I will issue a subsequent decision setting forth my reasons for doing so.

    3.    An Order striking the quotation marks that appear in the Information.  The Government does not oppose this request, and therefore I grant it.

    4.    An Order directing the Government to provide notice of any evidence it intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence.  This issue is moot given the Government's representation that it does not intend to introduce any such evidence.[1]

    5.    An Order directing the Government to provide "*Brady* material," in particular "prior criminal complaints filed against Social Security Administration employee Cathy Getner." This issue is moot given the Government's representation that it is not aware of any "*Brady* material."[2]

With respect to the Government's cross-motion for reciprocal discovery, this issue is moot given defense counsel's representation that all materials that the Defendant intends to

---

[1] Defendant's motion for this relief was unnecessary, given the Government's obligation to provide such evidence fourteen days after arraignment.  Dkt. No. 8.

[2] *See* footnote 1.

introduce were provided by the Government.[3]


Dated: June 20, 2005
      Syracuse, New York

                                        George H. Lowe
                                        United States Magistrate Judge

---

[3] The Government's cross-motion for this relief was unnecessary, given the Defendant's obligation to provide such materials twenty-one days after the arraignment. Dkt. No. 8.

3